```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
KAREN BROWN HOLMES,           )
          Plaintiff,          )
                              )    CIVIL ACTION
     v.                       )    NO. 19-10665-WGY
                              )
CARPENTER TRAINING CENTER and )
LOCAL 2168,                   )
          Defendants.         )
                              )
_____
```

YOUNG, D.J.                                           April 25, 2019

### MEMORANDUM AND ORDER

For the reasons stated below, the Court denies without prejudice plaintiff's motions for counsel and for leave to proceed in forma pauperis and directs plaintiff to (1) either pay the filing fee or file a renewed motion for leave to proceed in forma pauperis; and (2) file an amended complaint curing the deficiencies identified below.

**I.  Relevant Background**

On April 5, 2019, Karen Brown Holmes ("Holmes"), a resident of Boston, Massachusetts, filed a pro se complaint accompanied by motions for appointment of counsel and for leave to proceed in forma pauperis.

The complaint is submitted on a pre-printed form and states the basis for this court's jurisdiction as 28 U.S.C. § 1331 (federal question). See Complaint ("Compl."), Docket No. 1. Named as defendants are the Carpenters Training Center and Local 2168. Id. The complaint contains no factual allegations nor request for relief.

Id. The civil cover sheet accompanying the complaint indicates that is an employment civil rights action. See Docket No. 1-1.

**II. Motion for Leave to Proceed In Forma Pauperis**

Holmes' motion for leave to proceed in forma pauperis indicates that she is employed as a trainee at the Pine Street Inn and that she receives disability or workers compensation payments. However, she fails to state the amount of her wages and the amount she receives in disability or workers compensation payments. Because the financial information in the motion is incomplete, the court is unable to determine whether the plaintiff qualifies for in forma pauperis status and will deny the motion without prejudice.

**III. Screening of the Complaint**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Consequently, a plaintiff who seeks to bring her suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, confer "federal question" and "diversity" jurisdiction, respectively.

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the court liberally construes Holmes' complaint because Holmes is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**IV.   Discussion**

Here, there does not appear to be any basis for diversity jurisdiction under 28 U.S.C. § 1332 because the plaintiff and the defendants appear to be citizens of Massachusetts.

As to federal question jurisdiction under 28 U.S.C. § 1331, the complaint does not identify a cause of action under federal law. Holmes indicates on the civil cover sheet that this is a civil rights action related to her employment.  However, it is impossible to discern from the complaint precisely who Holmes alleges is liable for what alleged misconduct.

If Holmes wishes to pursue this action, she must file an amended complaint that clearly identifies what each defendant did wrong and the legal claim against each party. Holmes must also identify a basis for this court's subject matter jurisdiction. As an amended complaint completely supercedes the original complaint, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), Holmes should include in the amended complaint anything from the original complaint that she wishes to be part of the amended complaint.

## **ORDER**

Accordingly, the Court hereby ORDERS:

1. Plaintiff's motion for leave to proceed in forma pauperis is denied without prejudice.

2. Plaintiff's motion to appoint counsel is denied without prejudice.

3. If Holmes wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, she must (1) either pay the $400 filing fee or file a renewed motion for leave to proceed in forma pauperis; and (2) file an amended complaint that cures the pleading deficiencies noted above.

4. Failure to comply with these directives will subject this case to dismissal.

**SO ORDERED.**

      /s/ William G. Young
     WILLIAM G. YOUNG
     UNITED STATES DISTRICT JUDGE