```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| KAREN BROWN HOLMES,<br>      Plaintiff,<br><br>    v.<br><br>CARPENTER TRAINING CENTER and<br>LOCAL 2168,<br>      Defendants. | CIVIL ACTION<br>NO. 19-10665-WGY |

YOUNG, D.J.                                              June 4, 2019

### MEMORANDUM AND ORDER

On April 25, 2019, this Court issued a Memorandum and Order (Docket No. 6) denying without prejudice plaintiff's motions to proceed in forma pauperis and for appointment of counsel. At that time, plaintiff was directed to file an amended complaint that identifies a basis for this Court's subject matter jurisdiction. Plaintiff was advised that failure to comply with the Court's directives will subject this case to dismissal.

The Court's records indicate that plaintiff has not responded to the Memorandum and Order and the time to do so expired on May 16, 2019. It is a long-established principle that this Court has the authority to dismiss an action sua sponte for a plaintiff's failure to prosecute her action and her failure to follow the Court's orders. Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action ... because of his failure to prosecute cannot seriously be doubted," and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, ... disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]") (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

While the court exercises this authority with caution, dismissal is appropriate in the case at hand. Without plaintiff's active participation, the Court cannot effect the advancement of the case to a resolution on the merits. Accordingly, plaintiff's failure to comply with the court's Memorandum and Order warrants dismissal of this action.

Accordingly, for the failure to comply with this Court's directive and for the substantive reasons set forth in the prior Memorandum and Order (Docket No. 6), this action is hereby DISMISSED in its entirety.

**SO ORDERED.**

                                           /s/ William G. Young
                                           WILLIAM G. YOUNG
                                           UNITED STATES DISTRICT JUDGE